| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| ARMANDO GARCIA, | No. 2:17-cv-1483-EFB P |
|---|---|
| Petitioner, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| E. ARNOLD, Warden, | |
| Respondent. | |

Petitioner is a state prisoner without counsel seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] He has paid the filing fee. Petitioner is serving an indeterminate life sentence and claims that the Board of Parole Hearings lacked sufficient evidence to deny him parole, thereby depriving him of a liberty interest without due process. *See* ECF No. 1.

Under Rule 4 of the Rules Governing Section 2254 Cases, the court is required to conduct a preliminary review of all petitions for writ of habeas corpus filed by state prisoners. The court must summarily dismiss a petition if it "plainly appears . . . that the petitioner is not entitled to relief . . . ." The court has conducted the review required under Rule 4 and concludes that summary dismissal of the petition is required.

/////

---

[1] This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

| | |
|---|---|
| 1 | A prisoner's claim which, if successful, would not necessarily lead to immediate or |
| 2 | speedier release falls outside the "core of habeas corpus" and must be pursued in an action |
| 3 | brought pursuant to 42 U.S.C. § 1983. *Nettles v. Grounds*, 830 F.3d 922 (9th Cir. 2016). Here, |
| 4 | success on petitioner's due process claim would not necessarily lead to his immediate or speedier |
| 5 | release. At best, it could result in the advancement of his next parole suitably hearing. For this |
| 6 | reason alone, petitioner is not entitled to relief. |

A prisoner's claim which, if successful, would not necessarily lead to immediate or speedier release falls outside the "core of habeas corpus" and must be pursued in an action brought pursuant to 42 U.S.C. § 1983. *Nettles v. Grounds*, 830 F.3d 922 (9th Cir. 2016). Here, success on petitioner's due process claim would not necessarily lead to his immediate or speedier release. At best, it could result in the advancement of his next parole suitably hearing. For this reason alone, petitioner is not entitled to relief.

In addition, the due process claim lacks merit. California's parole statutes give rise to a liberty interest protected by the federal Due Process Clause. *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011). In California, a prisoner is entitled to release on parole unless there is "some evidence" of his current dangerousness. *In re Lawrence*, 44 Cal. 4th 1181, 1205-06, 1210 (2008); *In re Rosenkrantz*, 29 Cal. 4th 616, 651-53 (2009). However, the U.S. Supreme Court has made clear that "[n]o opinion of [theirs] supports converting California's 'some evidence' rule into a substantive federal requirement." *Swarthout*, 131 S. Ct. at 220-21. The Court specifically rejected the notion that there can be a valid claim under the Fourteenth Amendment for insufficiency of evidence presented, or relied upon, at a parole proceeding. *Id.* at 220-22. Rather, the protection afforded by the federal Due Process Clause to California parole decisions consists solely of the "minimum" procedural requirements, specifically, "an opportunity to be heard and . . . a statement of the reasons why parole was denied." *Id.* at 220. Here, the transcript of petitioner's parole suitability hearing, attached to the petition, reveals that petitioner was given the opportunity to be heard and a statement of reasons as to why parole was denied. ECF No. 1:56-1-2:41. Thus, petitioner was afforded all the process he was due.

Accordingly, IT IS ORDERED that the Clerk is directed to randomly assign a United States District Judge to this action.

Further, IT IS RECOMMENDED that:

1. Petitioner's application for writ of habeas corpus be summarily dismissed;
2. The Clerk be directed to close the case; and

/////

/////

2

3. The Clerk be directed to serve a copy of any order adopting these findings and recommendations, together with a copy of the petition filed in the instant case, on the Attorney General of the State of California.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. *See* Rule 11, Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED: May 15, 2018.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE